United States District Court
Southern District of Texas
**ENTERED**
September 17, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DOUGLAS LEE WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:16-CV-282 |
| PHILIP SIFUENTES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Douglas Lee Walker, a state prisoner proceeding pro se, initiated this action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) It appeared that Plaintiff wished to assert civil rights claims against individuals working in the Segovia Unit of the Texas Department of Criminal Justice. Because Plaintiff had not taken any action to serve the defendants with process, the Court informed Plaintiff of his obligations to do so. (*See* Docket Nos. 1, 3.) However, the order was returned as undeliverable, and Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to respond to a court order and failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

On May 16, 2016, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff alleges that several staff members at the Segovia Unit "violated his rights under the constitution of the 14th Amendment" by denying him a razor based on his religious beliefs. (*Id.* at 6-10.) Specifically, he argues that staff at the jail were denying him a

razor to trim his beard and armpits based on a policy that razors are only for "shaving facial hair." (*Id.* at 7.) As for relief, Plaintiff requests "compensatory and punitive damages" in a total amount of $500,000. (*Id.* at 9.) Other than filing his original Complaint, Plaintiff took no further action in this case.

The undersigned entered an order alerting Plaintiff to his obligation to serve the defendants with process. (Docket No. 3, at 2.) As he is proceeding pro se and in forma pauperis, the order explained to Plaintiff what the federal rules required of him, including presenting "summons to the Clerk for each defendant" and requesting service to be made by a United States deputy marshal (if Plaintiff was unable to complete service by other means). (*Id.* at 1-2.)

Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary." (*Id.* at 3.) Plaintiff was further warned that "<u>[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case</u>." (*Id.* (emphasis in original).) This order was returned as "undeliverable." (Docket No. 4.) Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's order was returned as undeliverable.

## II.  ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance

with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action in at least two ways. First, Plaintiff failed to respond to the Court's order regarding his obligations under the federal rules to effectuate service of process. In filing this civil rights action pro se, Plaintiff sought (and was granted) the privilege of proceeding in forma pauperis. (Docket No. 2.) Although informed of the steps required to effect service of process, Plaintiff failed to take any action to serve the defendants and has otherwise failed to take any action to move his case forward.

Second, Movant failed to keep the Clerk advised of his current address. As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4, despite warnings from the Court that failure to do so may result in dismissal of his claims for want of prosecution. (Docket No. 3, at 3.) As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket No. 4.)

For both reasons, Plaintiff has failed to prosecute this action. Because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and did not respond to the Court's order regarding his obligations to effectuate service of process, this case should be

dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Day v. Cockrell*, No. 3:01-cv-1325-P, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[1] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking

---

[1] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on September 17, 2019.

Peter E. Ormsby
United States Magistrate Judge